132 Nev., Advance Opinion 42

IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINZALE MASON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67830

**FILED**

JUN 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon, assault with a deadly weapon, and being a felon in possession of a firearm. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

*Affirmed and remanded with instruction.*

Jeremy T. Bosler, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Joseph R. Plater, Deputy District Attorney, Washoe County,
for Respondent.

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

*OPINION*

PER CURIAM:

In this opinion, we address the mandatory duty of the district court judges under NRS 176.035(1) to pronounce the aggregate minimum

 

and maximum terms of imprisonment when imposing consecutive sentences for offenses committed on or after July 1, 2014.

Appellant Quinzale Mason fired several shots at another male outside an apartment building in August 2014; the bullets missed the male but a ricochet from one of the bullets hit and injured a girl nearby. Following a jury trial, Mason was convicted of battery with a deadly weapon as to the girl (count 1), assault with a deadly weapon as to the male (count 2), and being a felon in possession of a firearm (count 3). The district court imposed a prison term of 3 to 10 years for count 1, a consecutive prison term of 2 to 5 years for count 2, and a concurrent prison term of 2 to 5 years for count 3.

On appeal, Mason argues that the district court erred at sentencing by failing to pronounce the aggregate minimum and maximum terms of imprisonment as required by statute.[1] NRS 176.035(1) provides in relevant part, "For offenses committed on or after July 1, 2014, if the court imposes the sentences to run consecutively, the court must pronounce the minimum and maximum aggregate terms of imprisonment." Here, the district court imposed consecutive sentences for

---

[1]Mason's remaining contention—that the district court plainly erred in instructing the jury on the doctrine of transferred intent with respect to the battery count—lacks merit. The instruction did not relieve the State of its burden to prove that Mason willfully used force or violence upon the victim, the jury was properly instructed on the elements of battery and the definition of "willful," and sufficient evidence was adduced at trial to support the battery conviction. See NRS 200.481(1)(a). Accordingly, Mason fails to demonstrate plain error affecting his substantial rights. See Green v. State, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (applying plain error analysis to unpreserved claims of instructional error).

offenses committed after July 1, 2014, but failed to state the minimum and maximum aggregate terms of imprisonment.

The district court's mandatory duty under NRS 176.035(1) to pronounce the aggregate terms of imprisonment in the judgment of conviction is of significant importance. The Legislature placed this statutory duty on district courts in an effort to simplify the sentence structure and, in turn, promote confidence in the criminal justice system and reduce confusion as to when an inmate is eligible for parole to the street. *See* Hearing on S.B. 71 Before the Assembly Judiciary Comm., 77th Leg. 5-6 (Nev., April 19, 2013). Whereas previously inmates had to be paroled from or expire a sentence before beginning to serve the next consecutive sentence, the effect of aggregating consecutive sentences is that inmates will now serve the minimum time for the total consecutive sentences before being eligible for a parole hearing. *Id.* Thus, the aggregation of consecutive sentences is a necessary step for the district court to take to apprise all parties, as well as the Department of Corrections and the public, as to when an inmate is actually eligible for parole. Accordingly, we conclude that it was error for the district court not to aggregate the sentences in the judgment of conviction but that error does not warrant a new sentencing hearing as it does not affect the sentences imposed for each offense.

Because Mason's arguments fail to demonstrate that his convictions or sentences are infirm, we affirm the judgment of conviction. However, we remand for the district court to correct the judgment of

conviction to include the aggregate minimum and maximum terms of his consecutive sentences as required by NRS 176.035(1).[2]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[2]The corrected judgment of conviction should be entered nunc pro tunc to the original sentencing date of March 17, 2015.